IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrone Lucas, | ) | C/A No.: 1:10-2465-TLW-SVH |
|             Plaintiff, | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Lieutenant Cynthia M. Ruth; Jon Ozmint, Director of the South Carolina Department of Corrections; Gregory Knowlin, Warden of Turbeville Correctional Institution; Angela Brown, Disciplinary Hearing Officer, | ) | |
|             Defendants. | ) | |

Plaintiff, Tyrone Lucas, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff is currently an inmate at Allendale Correctional Institution. The complaint names employees of the South Carolina Department of Corrections ("SCDC") as Defendants. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to dismissal). For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process.

I.	Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).   The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

II.   Discussion

Plaintiff's initial Complaint, which named Lieutenant Cynthia M. Ruth and the SCDC, indicated that Defendant Ruth charged Plaintiff with the institutional offense of "854 Exhibitionism and Public Masturbation" on November 2, 2009. Compl. at 1–2 [Entry #1]. Plaintiff states the disciplinary infraction resulted from Defendant Ruth observing Plaintiff in the shower, where he was allegedly seen "stroking his penis." *Id.* at 3. Plaintiff was subsequently found guilty of the offense in a disciplinary hearing held before Disciplinary Hearing Officer Angela Brown and sanctioned to "90 days loss of good time, 180 days loss of property, canteen, and phone privileges, 360 days loss of visitation privileges, and [placement in] a pink jumpsuit for one year." *Id.* Plaintiff's initial complaint sought reinstatement of his good time credit, removal of the disciplinary offense from his prison record, and monetary compensation. *Id.* at 5.

On October 15, 2010, the court issued an order directing Plaintiff to provide the documents necessary to bring this case into proper form for initial review. [Entry #7]. In response to the court's order, Plaintiff filed an amended complaint. [Entry #1-5]. Plaintiff's amended pleading added the following defendants to this case: Jon Ozmint, Director of SCDC; Gregory Knowlin, Warden of Turbeville Correctional Institution; and Angela Brown, Disciplinary Hearing Officer. *Id.* at 2–3. Plaintiff did not list the SCDC

as a separate Defendant in the amended pleading.[1] As in the initial pleading, Plaintiff's amended complaint discussed his exhibitionism charge and indicated that he was "found guilty and convicted of [a] frivolous disciplinary infraction" by Brown on November 16, 2009. *Id.* at 5. Plaintiff claims that Brown's "decision was erroneous" and that she denied Plaintiff a "fair impartial hearing by an impartial Tribunal." *Id.* at 8. Plaintiff alleges exhaustion of his administrative remedies for the disciplinary conviction, specifically naming Knowlin as the person responsible for denying Plaintiff's "Step 1 Grievance." *Id.* at 5–6. Plaintiff also alleges Defendant Ruth "intentionally invaded the Plaintiff's privacy to retaliate, punish, and harass the Plaintiff for exercising his right to privacy while in the shower." *Id*. at 7. Thus, Plaintiff claims a violation of his privacy and due process rights. *Id.* at 9. Plaintiff's amended pleading seeks injunctive relief and monetary damages. *Id.* at 10–11.

As an initial matter, Plaintiff's claim alleging a denial of due process during his disciplinary proceedings is subject to summary dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. This ruling was subsequently extended to a prisoner's claim for damages regarding loss of good time credits in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (a "claim for declaratory relief

---

[1] It is also noted that Plaintiff provided no service documents for the SCDC.

and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."); *see also Bryan v. SCDC*, Civil Action No. 3:08-cv-846-RBH, 2009 WL 3166632 at *5 (D.S.C. Sept. 29, 2009) (noting that a § 1983 claim for injunctive relief related to a disciplinary hearing is also barred by *Heck* where a judgment in the plaintiff's favor would imply the invalidity of the disciplinary proceedings) (citation omitted)).

The amended complaint alleges that Brown violated Plaintiff's right to due process in a disciplinary hearing, which resulted in the loss of various institutional privileges and 90 days of good time credit. While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations such as Plaintiff's, where the administrative action affected credits toward release based on good time served, *Heck* bars the § 1983 claim. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("*Heck's* requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."). Because *Heck* applies in the instant circumstance, and Plaintiff has not shown that his institutional conviction and sentence have been invalidated, his § 1983 due process claim is barred by the holdings in *Heck* and *Edwards*.

Further, it is noted that Plaintiff's due process claim would be subject to summary dismissal even if *Heck's* favorable termination requirement did not apply. While Plaintiff

5

opines that Brown's decision was erroneous and based on a "frivolous disciplinary infraction," the pleadings contain no facts to indicate that Plaintiff was denied any of the safeguards required for inmate disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *see also Baxter v. Palmigiano*, 425 U.S. 308 (1976) (discussing limited range of inmate rights in prison disciplinary proceedings). The fact that Brown believed facts presented by Defendant Ruth over Plaintiff's testimony does not state a due process claim under *Wolff*. *See Brown v. Braxton*, 373 F.3d 501, 509 (4th Cir. 2004) (noting that "[a]gain and again, the Supreme Court has cautioned that we should be hesitant to substitute our judgments for those of prison administrators."). As such, Plaintiff's due process claim against Brown must fail and it is recommended that she be summarily dismissed from the case.

Next, Plaintiff names Defendant Ozmint as the person "legally responsible for the overall operation of the Department and each institution under its jurisdiction." Am. Compl. at 2 [Entry #1-5]. To state a claim against a defendant in their individual capacity, a plaintiff must affirmatively show that the defendant acted personally in the deprivation of the plaintiff's constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Leatherwood v. Ozmint*, No. Civ. A. 2:10-0048, 2010 WL 4644444 at *6 (D.S.C. Oct. 8, 2010). In this case, Plaintiff provides no facts to indicate any personal involvement by Ozmint in the alleged invasion of his

6

privacy or in his disciplinary hearing. Thus, it appears Plaintiff sues Ozmint in a supervisory capacity. A § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). However, supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, if certain criteria are established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d at 221. Plaintiff's Complaint contains no facts regarding Ozmint which would satisfy the above criteria. As Plaintiff fails to state a cognizable claim against Ozmint in his individual or supervisory capacity, it is recommended that he be summarily dismissed.

    Plaintiff further alleges that Defendant Knowlin, is the person "legally responsible for the operation of [Turbeville Correctional] Institution." Am. Compl. at 3 [Entry #1-5]. As discussed above, Knowlin cannot be held liable in a supervisory capacity absent a showing that his deliberate indifference to some known risk of constitutional injury affirmatively caused Plaintiff to suffer such an injury. Plaintiff provides no facts in the pleadings to support a supervisory liability claim against Knowlin. However, Plaintiff alleges that Knowlin "denied Plaintiff's Step 1 grievance." *Id.* at 5. It is well established that inmates have no constitutionally protected right to a grievance procedure. *See Adams*

*v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Blagman v. White*, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000). Thus, Plaintiff's claim against Knowlin for denial of Plaintiff's grievance is not cognizable under 42 U.S.C. § 1983, and the undersigned recommends Knowlin be summarily dismissed from this case.

Finally, Plaintiff claims that Defendant Ruth invaded his privacy by observing him in the shower and thereby subjecting him to cruel and unusual punishment. A male inmate's right to privacy is generally not violated by the occasional, inadvertent observation by female guards. *Adams v. Thompson*, C/A No. 3:07-3884-DCN-JRM, 2008 WL 8099780, *4 (D.S.C. Dec. 19, 2008); *see also, Thomas v. Shields*, 981 F.2d 1252 (4th Cir. 1992) (Table); *Timm v. Gunter*, 917 F.2d 1093, 1101–02 (8th Cir. 1990) (minimal intrusions on privacy outweighed by institutional concerns for safety and equal employment opportunity), *cert. denied*, 501 U.S. 1209 (1991); *Michenfelder v. Sumner*, 860 F.2d 328, 333–34 (9th Cir. 1988) (infrequent or casual observation does not warrant court interference); *Johnson v. Pennsylvania Bureau of Corrections*, 661 F.Supp. 425, 431 (N.D.Pa. 1987) (occasional inadvertent encounter not actionable). In the instant case, Plaintiff does not allege Ruth's observation was purposeful, as she noticed him masturbating in the shower while she was passing out tissue and searching cells. Therefore, because Plaintiff has failed to allege more than inadvertent observation of him by Ruth while in the shower, it is recommended Plaintiff's claims against Ruth be dismissed.

III.   Conclusion

Accordingly, it is recommended that the district judge dismiss the complaint in the above-captioned case without prejudice and without issuance of service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 15, 2011                           Shiva V. Hodges
Florence, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**